UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE HARRIS, | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-520-DCR |
| VS. | ) | |
| DAVID CORNETT, | ) | **MEMORANDUM ORDER** |
| Defendant. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Plaintiff Michael Wayne Harris ("Harris") filed the instant civil rights proceeding on September 20, 2005 [Record No. 1], and has paid the filing fee. [Record No. 4] On March 20, 2006, the Court entered a Show Cause Order requiring Plaintiff to show cause why this matter should not be dismissed without prejudice based on the Plaintiff's failure to serve the Defendant with a copy of the summons and complaint as required by Rule 4 of the Federal Rules of Civil Procedure. [Record No. 5] Plaintiff has now filed a response to the Show Cause Order in which he asserts that he was not aware that he was required to serve the Defendant and that he would like the Court to serve the Defendant because he is afraid of the Defendant and has been directed by the Pulaski County District Court not to have any contact with the Defendant.

Being sufficiently advised, the Court will dismiss the Plaintiff's complaint. This dismissal will be without prejudice to the Plaintiff's right to re-file the suit at a later date in compliance with the Federal Rules of Civil Procedure and applicable law. The Plaintiff's *pro se* status is not an excuse for failure to understand the Federal Rules of Civil Procedure and to

-2-

comply with the procedural requirements relating to service of the summons and complaint. *Clark v. Runyon*, 27 F.Supp.2d 1040 (N.D. Ill. 1998). The Court does not serve the summons and complaint on behalf of any plaintiff; this is typically accomplished by the plaintiff personally or through a process agent, such as a deputy sheriff or process server.

Accordingly, it is hereby

**ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 20th day of March, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge